Filed 9/12/22 P. v. Siackasorn CA3

### NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JIMMY KEE SIACKASORN,<br><br>Defendant and Appellant. | C094024<br><br>(Super. Ct. No. 07F11789) |

Defendant Jimmy Kee Siackasorn appeals from his April 2021 resentencing and, specifically, from the trial court's denial of his request to strike a firearm sentencing enhancement imposed pursuant to Penal Code section 12022.53, subdivision (d).[1] Defendant contends our Supreme Court's decision in *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*) requires that we vacate his sentence and remand for the trial court to

---

[1] Undesignated statutory references are to the Penal Code.

exercise the discretion clarified by *Tirado* to strike the enhancement and impose a lesser enhancement in its stead. The Attorney General responds defendant forfeited this argument by not raising it in the trial court and, in any event, the record clearly indicates the trial court would not have stricken the enhancement even if it had been aware of its option to impose a lesser enhancement. We agree with the latter point and affirm.

## FACTS AND PROCEEDINGS

In 2010, a jury found defendant guilty of first degree murder of a peace officer (§§ 187, subd. (a), 189) and found true an allegation that defendant personally and intentionally discharged a firearm and proximately caused death (§ 12022.53, subd. (d)). The trial court declined to exercise its discretion to impose a sentence of 25 years to life in prison for murder and instead sentenced defendant to life in prison without the possibility of parole (LWOP) (§§ 190.2, subd. (a)(7), 190.5), denied defendant's motion to find the LWOP sentence unconstitutional, and imposed a consecutive term of 25 years to life in prison for the firearm enhancement (§ 12022.53, subd. (d)).

Defendant appealed, and this court affirmed his conviction and sentence. (*People v. Siackasorn* (May 17, 2012, C065399) [nonpub. opn.], review granted Aug. 29, 2012, S203568, and matter transferred with directions.) The California Supreme Court granted review and transferred the matter back to this court with directions to reconsider in light of the United States Supreme Court's opinion in *Miller v. Alabama* (2012) 567 U.S. 460. On transfer, this court affirmed defendant's conviction but vacated his sentence and remanded for the trial court to resentence defendant without considering LWOP as the presumptive sentencing choice. (*People v. Siackasorn* (Dec. 7, 2012, C065399) [nonpub. opn.], review granted Mar. 20, 2013, S207973, review dism. July 9, 2014.) On remand, the trial court determined that defendant was one of the rare juvenile offenders referenced by *Miller* for whom LWOP was the appropriate sentence, and again imposed a consecutive term of 25 years to life for the firearm enhancement. (See *Miller,* at pp. 479-480.)

2

Defendant appealed again, and, in 2018, after the Legislature passed Senate Bill No. 620 (2017-2018 Reg. Sess.), which gave trial courts discretion to strike section 12022.53 firearm enhancements, and after our Supreme Court decided *People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, requiring retroactive transfer hearings for juvenile offenders, this court conditionally reversed defendant's conviction and sentence. (*People v. Siackasorn* (Aug. 13, 2018, C083469) [nonpub. opn.].) We remanded the case to the juvenile court to determine whether it would have transferred defendant's case to a court of criminal jurisdiction. (*Ibid.*)

On remand, the juvenile court decided that both defendant's offense and his behavior while in custody since the offense justified transferring defendant to a court of criminal jurisdiction. After the transfer, the trial court held a hearing to decide whether to strike defendant's firearm enhancement. The court noted it had resentenced a number of juvenile offenders who had "demonstrated dramatic reformation," such that "there was a case to be made for reducing or otherwise in some fashion or another ameliorating their sentence" but determined: "This is not one of those cases."

The trial court recounted that defendant had shot the victim peace officer three times from about 14 feet away. Before the shooting, defendant had made a number of threats against police officers and after the shooting, defendant bragged about killing the officer and threatened to kill other law enforcement personnel he encountered. The trial court then noted: "It strikes me that among the cases that I have handled where [someone is killed with a firearm], this is certainly on the end of the continuum of the worst of those [section] 12022.53 findings." The court also rejected defendant's argument that striking the enhancement would be purely symbolic, given that defendant had already been sentenced to LWOP, but would recognize the fact that defendant was a child when he committed the offense and had matured mentally since that time. Instead, the court agreed with the prosecution that the legal landscape was shifting and suggested that defendant's "entrenched antisocial personality" warranted the consecutive term of 25

3

years to life in the event his LWOP sentence was ever reduced. Accordingly, the court denied defendant's request to strike his firearm enhancement.

Defendant timely appealed. After multiple continuances for both parties' briefing and record preparation, the case was fully briefed on June 23, 2022, and assigned to this panel shortly thereafter.

## DISCUSSION

Our Supreme Court's recent opinion in *Tirado* held that section 12022.53 permits a sentencing court to strike a section 12022.53, subdivision (d) firearm enhancement found true by the jury and impose a lesser uncharged enhancement. (*Tirado, supra*, 12 Cal.5th at p. 700.) Defendant contends the trial court was unaware of this discretion when it declined to strike his section 12022.53, subdivision (d) enhancement, so we must vacate his sentence and remand for that court to consider whether it would strike the subdivision (d) enhancement if it could instead impose a lesser enhancement. The Attorney General concedes the trial court did not consider imposing a lesser enhancement, but argues defendant forfeited this claim by failing to request a lesser enhancement. On the merits, the Attorney General contends the record clearly indicates the trial court would not have stricken the enhancement even had it known it could then have imposed a lesser enhancement, so remand is unnecessary. Anticipating this argument, defendant argues that recent amendments to section 1385 change the procedures for resentencing juvenile offenders, making it less likely remand would be a futile exercise. The Attorney General responds that the section 1385 amendments expressly do not apply to defendant's pre-2022 sentencing hearing, and the trial court already followed the procedures in the amended section 1385 in any event.

Even if we assume without deciding that defendant did not forfeit his *Tirado*-based arguments, we conclude the record clearly indicates the trial court would not have imposed a lesser enhancement even if asked to do so, as we next explain.

4

"A court acting while unaware of the scope of its discretion is understood to have abused it." (*Tirado, supra*, 12 Cal.5th at 694.) Here, we agree with the parties that because the trial court apparently was not aware of its discretion to impose a lesser enhancement after striking a section 12022.53, subdivision (d) enhancement, the trial court abused its discretion. We then must consider whether the error requires us to vacate defendant's sentence. (Cal. Const., art. VI, § 13.) When a court sentences without full awareness of its discretionary powers, " 'the appropriate remedy is to remand for resentencing unless the record "clearly indicate[s]"' that the trial court would have reached the same conclusion "even if it had been aware that it had such discretion." ' " (*People v. Flores* (2020) 9 Cal.5th 371, 432.)

Here, remand would be an idle act. Having already found defendant to be one of the rare juveniles described in *Miller* " 'whose crime reflects irreparable corruption' " (see *Miller v. Alabama, supra*, 567 U.S. at pp. 479-480), and for whom LWOP is the appropriate sentence, the trial court then gave additional reasons why defendant's characteristics and crimes warranted imposition of the consecutive term of 25 years to life in prison mandated by the section 12022.53, subdivision (d) enhancement. First, the court expressly ruled out "reducing or otherwise in some fashion or another ameliorating" defendant's sentence by comparing him to other juveniles who had "demonstrated dramatic reformation," whereas defendant had demonstrated an "entrenched antisocial personality." Second, the court stated the facts of defendant's offense were "on the end of the continuum of the worst of those [section] 12022.53 findings" the court had handled. Third, the court emphasized that the enhancement was an important part of defendant's sentence because, in the event defendant's LWOP sentence was ever reduced, defendant's offense warranted the additional life sentence. Finally, even assuming defendant's LWOP sentence remained, the court concluded that "it would fly in the face of all the other evidence and -- all the evidence in this case, and in particular of the victim of this offense and his memory" to not impose the enhancement prescribed for

defendants who cause great bodily injury or death, where here defendant had shot the victim to death.

Thus, the record clearly indicates the trial court would not have stricken the section 12022.53, subdivision (d) enhancement had it known it could do so in favor of a lesser enhancement, even had that court been fully aware of its discretion. Further, the recent amendments to section 1385 do not affect our analysis because the Legislature expressly declined to give those amendments retroactive effect. (§ 1385, subd. (c)(7), as amended by Stats. 2021, ch. 721, § 1 ["This subdivision shall apply to all sentencings occurring after January 1, 2022"; see also Stats. 2022, ch. 58, § 15 [correcting drafting errors].) Our harmless error analysis determines what the trial court would have done had it been fully aware of its discretion at the time of the April 2021 sentencing hearing. (See *People v. Flores, supra*, 9 Cal.5th at p. 432.) A law that only applies to sentencing hearings occurring after January 1, 2022, does not factor into this determination.[2]

---

[2] We agree that were we to remand for resentencing, the amendments to section 1385 would apply to that new sentencing hearing. But because we are not remanding, for the reasons we have explained, there is no resentencing hearing to which the new law would apply.

## DISPOSITION

The judgment is affirmed.

/s/
Duarte, Acting P. J.

We concur:

/s/
Hoch, J.

/s/
Earl, J.

7